Michael B. ARKIN, Plaintiff–Appellee,

v.

Spencer BATCHELDER, Defendant–
Appellant,

and

The County of Calaveras, Defendant.

No. 05–15573.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed Feb. 20, 2007.

Kenneth M. Foley, Esq., Law Offices of
Kenneth M. Foley, San Andreas, CA, for
Plaintiff–Appellee.

[Ret.] Michael G. Woods, Esq., McCor-
mick Barstow Sheppard Wayte & Carruth,
LLP, Fresno, CA, for Defendant–Appel-
lant/Defendant.

Deborah A. Byron, Esq., McCormick
Barstow Sheppard Wayte & Carruth,
LLP, Fresno, CA, for Defendant.

Before: REINHARDT, RYMER, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

Although the question is a close one, we
conclude that Michael Arkin's decision to
represent County employees who com-
plained of sexual harassment and a hostile

workplace environment, and his expression
of support for the employees in the form of
his February 12 letter, fell within the First
Amendment's ambit. *See Alpha Energy
Savers, Inc. v. Hansen,* 381 F.3d 917, 923–
24 (9th Cir.2004), *cert. denied,* 544 U.S.
975, 125 S.Ct. 1838, 161 L.Ed.2d 725
(2005). We also conclude that, on the
unique facts of this case, the adverse em-
ployment actions that Spencer Batchelder
took against Arkin in reaction to Arkin's
First Amendment activity were not justi-
fied by "legitimate administrative inter-
ests" sufficient to outweigh Arkin's inter-
ests. *See id.* at 923; *Fabiano v. Hopkins,*
352 F.3d 447, 455–57 (1st Cir.2003); *see
also Rankin v. McPherson,* 483 U.S. 378,
388 n. 13, 107 S.Ct. 2891, 97 L.Ed.2d 315
(1987) ("[A] purely private statement on a
matter of public concern will rarely, if
ever, justify discharge of a public employ-
ee."). We therefore conclude that Arkin's
First Amendment rights were violated.

We nevertheless reverse the district
court because Batchelder is entitled to
qualified immunity. Even if Batchelder's
conclusion that Arkin's position created a
conflict of interest sufficient to justify ter-
mination was mistaken, the mistake was a
reasonable one. *See Saucier v. Katz,* 533
U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d
272 (2001); *Fabiano,* 352 F.3d at 458.
Similarly, even if Batchelder erred in con-
cluding that the superior court's ruling was
erroneous and not binding on him, this
error too was reasonable.

**REVERSED.**

SILVERMAN, Circuit Judge,
concurring in the result.

I agree that summary judgment in favor
of Batchelder should have been granted,

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

but for a different reason. "[A]n employee's status as a policymaking or confidential employee [is] dispositive of any First Amendment retaliation claim." *Biggs v. Best, Best & Krieger,* 189 F.3d 989, 994–95 (9th Cir.1999). Attorneys in government service, other than public defenders, are generally labeled "policymakers" for First Amendment purposes. *Id.* at 995–96.

Arkin was "Chief Counsel/Litigator," hired by Calaveras County to "provid[e] competent and timely legal advice and representation to the Calaveras Works and Human Services Agency, Child Protective Services Division." His position entailed the responsibilities of a traditional "policymaker." Arkin was hired for his technical competence, and his position required him to advise county officials. *See id.* at 995. Furthermore, the County fully delegated to Arkin its responsibility to represent CPS, and Arkin, as chief litigator, had authority to speak as an agent of the County in juvenile court. *Cf. Walker v. City of Lakewood,* 272 F.3d 1114, 1133 (9th Cir.2001).

Under the facts of this case, our precedents allowed Batchelder to terminate Arkin without fear of a First Amendment retaliation claim. As Arkin has not shown that his constitutional rights were violated, it is unnecessary to go any further.